Antonio Darder, Plaintiff and Appellee, *v.* Bayamón Truck Service, Defendant and Appellant.

No. 10182.  Argued December 5, 1950.—Decided January 29, 1951.

*Francis & Ydrach* for appellant.  *Roberto Martínez Rodríguez* and *Ángel G. Ávila* for appellee.

Mr. Justice Negrón Fernández delivered the opinion of the Court.

This is an action for damages in which the lower court rendered judgment on May 4, 1949 granting the complaint and ordering the defendant party to pay certain sums for medical treatment, personal damages, damages to plaintiff's car and attorney's fees.

The only error assigned in this appeal is that the lower court did not comply with Rule 52*(a)* in failing to set forth, separately or in any way, its findings of facts and conclusions of law.  Although in appellant's brief it is requested that the case be remanded to the lower court for a new trial its attorney admitted at the hearing in this Court that if the appeal were successful the case should be re-

manded to the lower court in order that the latter may comply with the provisions of the aforecited Rule stating its findings of fact and conclusions of law.

In order to decide the appeal we must examine the essential allegations of the amended complaint and of the amended answer as well as the findings of fact of the lower court.

In the complaint it was alleged that on June 21, 1947 about 10:30 p.m., while plaintiff traveled on the road going from Manatí to Arecibo, in that same direction, and at the end of the bridge of Manatí in front of Central Monserrate, a truck belonging to the defendant and driven by Rosario Torres Rivera, an employee of the former in the course of his employment, rushed suddenly against plaintiff's car without plaintiff being able to avoid it, as a result of which he sustained injuries in different parts of his body and his car was destroyed; that said accident was due to the excessive speed at which said truck was running in the opposite direction and because at no time did it dim its lights. The defendant denied the essential facts of the complaint and presented several special defenses, among others, that the accident was due to the contributory negligence of the plaintiff.

The judgment of the lower court contains only one paragraph on its findings of facts which reads as follows:

"According to the evidence introduced we understand that it has been duly proved that when the plaintiff was coming from Manatí to Arecibo driving his Ford automobile, defendant's truck was going in the opposite direction without dimming its lights or moving to the right and it struck against the front part of plaintiff's automobile throwing it out of the road. That as a result of the accident the automobile was seriously damaged as proved by the photographs introduced in evidence and the plaintiff received several wounds on his face and bruises on his legs which as testified by Dr. Julio Rodríguez Olmo, needed eleven days of treatment."

Rule 52*(a)* has been repeatedly examined by this Court in the light of the circumstances in each particular case according to the findings of fact and conclusions of law set forth in the judgments brought for our consideration. *Ramírez* v. *District Court*, 65 P.R.R. 330; *Meléndez* v. *Metro Taxicabs*, 68 P.R.R. 709; *Varela* v. *Fuentes*, 70 P.R.R. 838; *Pérez* v. *Cruz*, 70 P.R.R. 890; *Ferrer* v. *Varela*, 71 P.R.R. 70; *Santana* v. *García*, 71 P.R.R. 132; *Cáceres* v. *García*, 71 P.R.R. 378 and *Matos* v. *Sierra* (Per Curiam), 71 P.R.R. 655.

In the case at bar, an action for damages predicated on defendant's negligence, defendant raises, among others, the defense of contributory negligence on the part of plaintiff. The lower court not only fails to state any conclusion of law but it likewise fails to make any finding of fact in connection with the defense of contributory negligence raised by defendant who introduced evidence tending to establish it. The facts on the issue of negligence which were considered proved by the lower court, as briefly stated in its judgment, that is, that the vehicle of the defendant without dimming its lights or moving to its right, hit the front part of plaintiff's vehicle throwing it out of the road, do not preclude the possibility that the plaintiff might have been guilty of contributory negligence in the accident. Findings of fact and conclusions of law in this respect are not only desirable but necessary so that the appellant, for the purposes of his appeal, as well as this Court in taking cognizance thereof should have the benefit of the findings of fact and conclusions of law which a court should make on the issue of contributory negligence raised by the defense in deciding a case of this nature. *Cf. Kreste* v. *United States*, 158 F. 2d 575 (C.A. 2, 1946)[1].

[1] In said case Rule 52(*a*) of the Federal Rules of Civil Procedure is not interpreted since they are not applicable, according to 81(*a*) (1), to admiralty proceedings; but Rule 46½ of the Rules of Admiralty, although it requires that the courts of first instance separately set forth their findings of fact and conclusions of law, is identical to Rule 52(*a*) of the Federal Rules of Civil Procedure.

Under these circumstances the judgment will be set aside and the case remanded to the lower court so that it may comply with Rule 52 (*a*) of Civil Procedure.